Curia, per
Evans, J.
It is very immaterial whether the paper dated the 19th October, 1838, be regarded as a mortgage or an absolute conveyance, so far as it is involved in the result of this case. In either case, the title to the furniture was vested in Simpson. The plaintiffs’s judgment existed at that time, and if the furniture had been brought into this State before the conveyance was made to Simpson, then the lien of the judgment would have attached upon it, and would have taken precedence to Simpson’s deed or mortgage. But the lien of the execution is territorial, and did not attach on Mason’s property in the State of Georgia. If, therefore, Mason conveyed the furniture bona fide to Simpson, whilst it was in the State of Georgia, and it was his when brought into this State, then it is clear the execution against Mason had no lien upon it. It would be otherwise if the furniture had been carried to Georgia after the lien of the execution attached, and there conveyed by Mason; in such case, it would be still subject to the lien of the execution, and if again brought back to this State, would be subject to the original lien of the execution, as was decided in the case of Richards vs. Towles, 3 Hill, 346.
Personal property, in general, is considered as in the possession of the owner wherever he resides, and is governed by the law of the domicile in its distribution and application to the payment of debts; and if this furniture had been Mason’s at the time of his death, there is no doubt it should have been applied, according to the Act of 1789, to the payment of his debts in the order therein stated. But if he had previously conveyed it to Simpson, then the executor’s Act regulating the distribution of assets has no application to the case. The motion for a new trial is granted.
Richardson, O’Neall and Frost, JJ. concurred.
*395 Wardlaw, J.
I agree to the law of this opinion, but think the case should not go back upon an incidental error in the instructions to the jury, when there was no evidence to shew that the mortgage, as it is called, could have been executed after the title to the goods vested in Mason, and before they were brought into this State.